Argued and submitted January 3, vacated and remanded for the juvenile court to make a determination whether to order mother to undergo a psychological evaluation; otherwise affirmed February 26, 2014

In the Matter of A. E. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

C. F.,
aka C. F.;
and T. F.,
*Respondents,*

*v.*

A. E. F.,
*Appellant.*

Linn County Circuit Court
13JU00544; A154722

323 P3d 482

Megan L. Jacquot argued the cause and filed the brief for appellant.

Cecil A. Reniche-Smith, Senior Assistant Attorney General, argued the cause for respondent Department of Human Services. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

No appearance for respondents C. F. and T. F.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

.

## ARMSTRONG, P. J.

In this dependency case, child appeals a dispositional judgment, contending that the juvenile court erred in determining that it lacked authority to order a psychological evaluation of mother and, hence, abused its discretion in failing to order mother to undergo such an evaluation. The Department of Human Services (DHS) filed a brief agreeing with child that the juvenile court misunderstood its authority to order an evaluation and requesting that we remand for the juvenile court to apply the proper analysis.[1] We agree with child and DHS that the juvenile court erred in concluding that it was precluded from ordering mother to undergo a psychological evaluation, and we vacate and remand for the juvenile court to determine whether it is appropriate to order the evaluation under a correct understanding of the law.

As it relates to mother, the court took jurisdiction over child based on mother's admissions that child had "presented with bruising and/or injuries consistent with inflicted injury," mother "has used inappropriate and excessive discipline on" child, and mother "has an anger management/control problem [that] impairs her ability to parent." At the dispositional hearing, DHS requested that the court order mother to undergo a psychological evaluation, arguing that it would be useful to determine whether other than "typical" counseling would be beneficial for mother, given her history of using physical abuse toward children and because she had already been given training and information about the appropriate use of discipline in her role as a former foster parent.

The court declined to order the psychological evaluation, concluding that its authority to do so was limited to two circumstances, neither of which was present in the case: (1) where there is "an admission or proof in a jurisdictional hearing that someone suffers from or may suffer from a psychological condition that an evaluation would *** assist to provide services to address" and (2) where "a

---

[1] DHS did not appeal from the dispositional judgment but files its brief in its capacity as a named respondent in child's appeal and, under ORAP 8.15(9), as an interested state agency. Neither mother nor father appears on appeal.

parent has been offered services for a period of time and has not appeared to benefit from those services and nobody can explain why[.]"

We disagree that the court's authority is so limited. In *State ex rel Juv. Dept. v. G. L.*, 220 Or App 216, 224, 185 P3d 483, *rev den*, 345 Or 158 (2008), we explained that the juvenile statutes authorize a court to order a parent to participate in a psychological evaluation if the evaluation "bears a rational relationship to the bases the court found for taking jurisdiction."[2] *See also Dept. of Human Services v. B. W.*, 249 Or App 123, 128, 275 P3d 989 (2012) ("[A] 'rational relationship' is a minimal threshold of justification."). Although in *G. L.* we concluded (on *de novo* review) that such a relationship existed due to the fact that mother had failed to benefit from past services and that a psychological evaluation would assist DHS in determining whether there was a mental health diagnosis that could be the cause of that failure, our holding did not limit the court's authority to order a psychological evaluation of a parent to those circumstances.

In short, we agree with child and DHS that the juvenile court erred in construing its authority to order a psychological evaluation as narrowly as it did. Accordingly, we vacate and remand for the juvenile court to determine whether there is a rational relationship between the findings that brought the child within the court's jurisdiction and the proposed psychological evaluation.

Vacated and remanded for the juvenile court to make a determination whether to order mother to undergo a psychological evaluation; otherwise affirmed.

---

[2] *See* ORS 419B.337(2) (providing, in part, that the juvenile court "may specify the particular type of care, supervision or services to be provided by [DHS] to wards placed in the department's custody and to the parents or guardians of the wards"); ORS 419B.343(1)(a) (requiring DHS to ensure that case planning for the reunification of the family "bears a rational relationship to the jurisdictional findings that brought the ward within the court's jurisdiction").