Submitted March 31, remanded for entry of new judgment clarifying that father is not required to undergo a psychological evaluation, otherwise affirmed June 15, 2016

In the Matter of D. W. W.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

D. W. W.,
*Appellant.*

Jackson County Circuit Court
15JU04785; A160752

379 P3d 796

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

In this juvenile dependency case, father appeals a judgment of jurisdiction and disposition, challenging the juvenile court's requirement that father undergo a psychological evaluation. He argues that the evaluation requirement does not bear a rational relationship to the basis for jurisdiction, to wit: father's substance abuse interfered with his ability to safely parent his child.

If there is no "rational relationship" between the requirement to undergo a psychological evaluation and the basis the court found for taking jurisdiction, the court does not have authority to order the evaluation. *Dept. of Human Services v. B. W.*, 249 Or App 123, 128, 275 P3d 989 (2012). A "rational relationship" is a minimal threshold of justification, and a psychological evaluation may be ordered even when the jurisdictional findings do not include a finding that the parent has a mental health problem. *Id.* Nevertheless, here, the state concedes that the juvenile court explicitly found that a psychological evaluation was not necessary to help father ameliorate his substance abuse. The state further concedes that father's substance abuse was the sole basis for jurisdiction and, therefore, that it was error for the court to order the evaluation. We agree and accept the state's concession.

Remanded for entry of new judgment clarifying that father is not required to undergo a psychological evaluation; otherwise affirmed.